IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janice McMullen Jones, | ) | C/A No. 0:21-5-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pastor; PC Stv; Rev; Policy 01, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Janice McMullen Jones, a self-represented litigant, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Plaintiff's motion to recuse the assigned magistrate judge and have her case heard in the Greenville division. (ECF No. 8.) Finding no basis for recusal or divisional transfer, the court denies Plaintiff's motion.

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an

---

[1] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious." In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under § 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

Subsection (b) of § 455 further provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. Liteky v. United States, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring). Pertinent here, § 455(b)(1) disqualifies a judge "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cty., 235 F.3d 1000, 1025 (7th Cir. 2000). Moreover, the United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial

>source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky, 510 U.S. at 555 (citation omitted).

Here, Plaintiff summarily states that she has received "prejudicial treatment" and argues that she has been "mistreated" because the judge "close[d] the case." (ECF No. 8 at 1-2.) Importantly, Plaintiff points to no extrajudicial source of bias or prejudice. Moreover, as stated above, mere disagreement with judicial rulings and unsupported allegations of bias are insufficient to warrant recusal. Additionally, the court observes that assignment of cases filed by *pro se* litigants is governed by the Local Civil Rules. See Local Civil Rule 73.02(C)(6) (D.S.C.) ("New cases filed by *pro se* litigants with prior cases shall, if possible, be assigned to the magistrate judge and district judge to whom the prior case was assigned unless the prior case was assigned as a related case."). Accordingly, it is

**ORDERED** that Plaintiff's motion is denied.

**IT IS SO ORDERED.**

March 9, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE